UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL ODELL LAMARR and MAUREEN THERESE LAMARR, | CIVIL COMPLAINT |
| Plaintiffs, | CASE NO. 1:15-cv-318 |
| v. | |
| IMC CREDIT SERVICES, LLC d/b/a STATEWIDE CREDIT ASSOCIATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW COMES the Plaintiffs, MICHAEL ODELL LAMARR ("Michael") and MAUREEN THERESE LAAMARR ("Maureen") (collectively "Plaintiffs"), by and through their attorneys, Consumer Law Partners, LLC, complaining of IMC CREDIT SERVICES, LLC d/b/a STATEWIDE CREDIT ASSOCIATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Bankruptcy Automatic Stay, 11 U.S.C §362 ("Automatic Stay"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331,

1

1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Michael is a 53 year old natural person residing at 2100 South 800 East, Angola, Indiana, which lies within the Northern District of Indiana.

5. Maureen is a 50 year old natural person residing at 2100 South 800 East, Angola, Indiana, which lies within the Northern District of Indiana.

6. Plaintiffs are "consumers" as defined by §1692a(3).

7. Defendant declares its mission is to "increase our clients cash flow through the recovery of bad debt and past due accounts"[1] from its headquarters located at 6957 Hillsdale Court, Indianapolis, Indiana. Defendant is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiffs.

8. Defendant is licensed to conduct business with the Indiana Secretary of State under control number 2007113000302 and collects consumer debts in Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 2008.[2]

---

[1] http://www.statewidecredit.net/about_us/mission_statement.html
[2] http://www.acainternational.org/memberdirectory.aspx

2

## FACTS SUPPORTING CAUSES OF ACTION

11. On July 12, 2013, Plaintiffs caused to be filed a Chapter 7 petition in the United States Bankruptcy Court for the Northern District of Indiana, under case number 13-12131-reg. *See* attached Exhibit A is a true and correct copy of Plaintiffs' Notice of Bankruptcy Filing.

12. Plaintiffs' bankruptcy filing afforded them the protections of the Automatic Stay under 11 U.S.C. §362.

13. On September 11, 2015, Plaintiffs caused to be filed a Motion to Convert Case from Chapter 7 to 13. *See* attached Exhibit B is a true and correct copy of a docket report from Plaintiff's bankruptcy.

14. Defendant was given notice of Plaintiffs' bankruptcy filing by virtue of being listed within their petition. Notice was sent to Defendant by the Bankruptcy Noticing Center ("BNC") at 6957 Hillsdale Court, Indianapolis, Indiana 46250. *See* Exhibit A.

15. Within the Notice of Bankruptcy Filing sent to Defendant was a provision which stated, "**Creditors May Not Take Certain Actions.** In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized." *Id.*

16. Following the filing of their bankruptcy, Plaintiffs each incurred different debts ("subject consumer debts") from various medical providers, including Cameron Memorial Community Hospital ("Cameron").

17. Upon information and belief, Cameron turned over the collection of its medical debt to Defendant after Plaintiffs defaulted on payment.

18. On March 2, 2015, Defendant filed a small claims action, seeking adjudication on a portion of the subject consumer debts against Michael, in the Steuben County Superior Court under case number 76D01-1503-SC-000175.  *See* attached Exhibit C is a true and correct copy of a docket report from the small claims action.

19. Defendant filed and sought judgment on the small claims action against Michael with actual knowledge of Plaintiffs' bankruptcy filing.

20. Defendant never filed any motion within the Plaintiffs' bankruptcy to lift or modify the Automatic Stay.  *See* Exhibit B.

21. Michael was forced to retain the services of his bankruptcy counsel, E. Foy McNaughton ("McNaughton"), in order to represent him in the small claims action.

22. Through McNaughton's representation, Defendant was made acutely aware of Plaintiffs' bankruptcy filing and Automatic Stay protection for at least the second time.

23. Faced with the realization that defending the small claims action would be beyond his financial means, Michael reluctantly agreed to pay Defendant approximately $520.00 towards the subject consumer debts.

24. Defendant also sought payment on the subject consumer debts from Maureen throughout 2015.

25. Plaintiffs have received automated collection calls from Defendant attempting to collect on the subject consumer debts.

26. During at least one of the collection calls, Plaintiffs have advised Defendant that they had filed for bankruptcy.

27. The automated collection calls have been placed to both Plaintiffs' home telephone number, (260) 665-5501, as well as a cellular telephone number, (260) 905-6036.

28. On September 21, 2015, Maureen received a collection letter from Defendant attempting to collect on the subject consumer debts. *See* attached Exhibit D is a true and correct copy of the collection letter.

29. Concerned over Defendant's continuous collection activity and the effect of their bankruptcy protections, Plaintiffs spoke with the undersigned about their legal rights.

30. Plaintiffs have incurred costs and expenses defending the small claims action.

31. Plaintiffs have incurred costs and expenses consulting with their attorneys as a result of Defendant's collection actions.

32. Plaintiffs have suffered economic harm as a result of Defendant's collection actions.

33. Plaintiffs have been inconvenienced and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiffs repeat and reallege paragraphs 1 through 33 as though fully set forth herein.

35. The FDCPA limits a debt collector's ability to communicate with a consumer in certain circumstances. Specifically, a debt collector cannot communicate with a consumer in connection with the collection of any debt, "if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain such attorney's name and address." 15 U.S.C. §1692c(a)(2).

36. Defendant violated 15 U.S.C. §§1692c(a)(2) and f through its debt collection actions when it continued to contact Plaintiffs directly, despite actual knowledge that they were represented by an attorney.

37. Defendant received notice from the BNC that Plaintiffs had filed a bankruptcy and were represented by an attorney in conjunction with their filing. Additionally, during the course of the

small claims action, Defendant was aware that McNaughton was representing Plaintiffs in connection with the subject consumer debts. Finally, Plaintiffs notified Defendant that they had filed bankruptcy and had an attorney in that capacity during at least one of the collection calls. Despite repeated notice of representation, Defendant continued to directly contact Plaintiff's seeking payment on the subject consumer debts.

38. As an experienced and sophisticated debt collector, Defendant knows that it is required to cease direct contact with consumers that have counsel. Rather than deal directly with Plaintiffs' attorney, Defendant attempted to circumvent his involvement and continue to collect on the subject consumer debt directly from unsophisticated and downtrodden consumers.

39. The FDCPA states, "A debt collector may not use unfair or unconscionable means to collect attempt or attempt to collect on any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§1692f(1).

40. Defendant violated 15 U.S.C. §§1692e, e(2), f, and f(1) when it engaged in collection actions against consumers that were under the protection of the Automatic Stay. The Automatic Stay acts as an injunction against collection creditors attempting to gain funds of the bankruptcy estate. Because Plaintiffs were under the protection of the Automatic Stay, Defendant did not have the legal ability to seek payment on the subject consumer debt without leave of the Bankruptcy Court.

41. Defendant's false, deceptive, and unfair statements and actions towards Plaintiffs are the exact type of conduct that the FDCPA is designed to protect against.

42. As plead in paragraphs 30 through 33, Plaintiffs were harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiffs, MICHAEL ODELL LAMARR and MAUREEN THERESE LAMARR, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

43. Plaintiffs repeat and reallege paragraphs 1 through 42 as though fully set forth herein.

44. The TCPA prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

45. Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phone using an ATDS without their consent. Plaintiffs never gave Defendant consent to contact them on their cellular phone. Any consent that Plaintiffs *may* (emphasis added) have given to Cameron was revoked by their active Chapter 13 bankruptcy and resulting Automatic Stay.

7

46. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiffs, MICHAEL ODELL LAMARR and MAUREEN THERESE LAMARR, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Award Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III --VIOLATIONS OF THE
## INDIANA DECEPTIVE CONSUMER SALES ACT

47. Plaintiffs repeat and reallege paragraphs 1 through 46 as though fully set forth herein.

48. Defendant violated I.C. 24-5-0.5-3(b)(19) and (20) by engaging in an unfair, abusive, and deceptive practice in its attempts to collect on the subject consumer debt.

49. The IDCSA states:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations. I.C. 24-5-0.5-3(a).
>
> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a

> consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227.  The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.).
> I.C. 24-5-0.5-3(b)(19) and (20).

50. Plaintiffs are each "persons" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

51. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

52. Defendant's attempts to collect on the subject consumer debts are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

53. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiffs.

54. Defendant intended that Plaintiffs rely on its illegal behavior in order to procure payment of the subject consumer debts.

55. The IDCSA was designed to protect consumers, such as Plaintiffs, from the exact behavior committed by Defendant.

56. The IDCSA further states:

> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000).  I.C. 24-5-0.5-4(a)(1)(2).

57. As pled in paragraphs 30 through 33, Plaintiffs have suffered damages as a result of Defendant's unlawful collection practices.

58. As such, Plaintiffs are entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

9

WHEREFORE, Plaintiffs, MICHAEL ODELL LAMARR and MAUREEN THERESE LAMARR, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiffs costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV --VIOLATIONS OF THE BANKRUPTCY AUTOMATIC STAY

59. Plaintiffs repeat and reallege paragraphs 1 through 58 as though fully set forth herein.

60. The Automatic Stays significantly limits most entities dealings with individuals under its protection. Specifically, the Automatic Stay, "operates as a stay, applicable to all entities, of – (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3).

61. Defendant repeatedly violated 11 U.S.C. §362(a)(3) when it attempted to gain payment from Plaintiff for the subject consumer debts. By virtue of being in an active Chapter 13 bankruptcy, Plaintiffs' funds were property of the estate. As such, Defendant needed permission from the Bankruptcy Court in order to seek and receive payment from Plaintiffs. Defendant engaged in litigation, through the filing of the small claims action, in order to gains property of the bankruptcy estate.

62. As an experienced and sophisticated debt collector, Defendant undoubtedly knows the rules and regulations which it must follow. However, Defendant attempted to circumvent the

10

law and costs associated with compliance by seek payment on the subject consumer debts from Plaintiffs.

63. The Automatic Stay further provides, "Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. §362(k)(1).

64. As pled in paragraphs 30 through 33, Plaintiffs have suffered damages as a result of Defendant's unlawful collection practices.  In light of Defendant's actual and repeated knowledge of Plaintiffs' bankruptcy, its willful violations of the Automatic Stay should give this Honorable Court substantiation to assess punitive damages.

WHEREFORE, Plaintiffs, MICHAEL ODELL LAMARR and MAUREEN THERESE LAMARR, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 11 U.S.C. §362(k)(1);

c. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, as provided under 11 U.S.C. §362(k)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 11 U.S.C. §362(k)(1); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 29, 2015                             Respectfully Submitted,

                                                      s/ Nathan C. Volheim
                                                     Nathan C. Volheim, Esq. #6302103
                                                     David S. Klain, Esq. #66305

Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)